IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TIFFANY DUKES, et al.,            :

    Plaintiffs,               :

vs.                               :       CA 08-0398-KD-C

AIG CASUALTY COMPANY,             :

    Defendant.

**REPORT AND RECOMMENDATION**

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the removal petition (Doc. 1), plaintiff's motion to remand (Doc. 6), and the defendant's response to the remand motion (Doc. 8).[1] Upon consideration of the foregoing pleadings, the Magistrate Judge recommends that the Court **GRANT** the motion to remand and **REMAND** this case to the Circuit Court of Clarke County, Alabama from whence it came.

---

[1] Although the undersigned's order of July 29, 2008 states that the motion to remand will be taken under submission on August 20, 2008 and extends to plaintiff the opportunity to file a reply by August 15, 2008 (Doc. 7), it is now determined that the Court need not await plaintiff's reply to rule on the pending motion in light of the defendant's failure to satisfy its burden of establishing by a preponderance of the evidence that the amount in controversy in this case more likely than not exceeds $75,000, exclusive of interest and costs.

# FINDINGS OF FACT

1. On June 25, 2008, plaintiffs filed a breach of contract action in the Circuit Court of Clarke County, Alabama against defendant AIG Casualty Company. (Doc. 1, Exhibit A, COMPLAINT)

    6. Plaintiffs owned an automobile insured with the Defendant, AIG CASUALTY COMPANY.

    7. On or about January 05, 2006, the automobile was destroyed by fire while being operated by Ms. Dukes.

    8. AIG CASUALTY COMPANY failed to pay the claim made on the automobile insured by the Plaintiff[s] with AIG CASUALTY COMPANY.

    9. Because of AIG CASUALTY COMPANY's wrongful acts, Plaintiffs suffered damages cognizable at law in the State of Alabama including but not limited to loss of moneys, loss of property, mental anguish, and emotional distress.

## COUNT 1

    10. Plaintiffs reaver all previous paragraphs in the Complaint.

    11. Defendant[] did breach [its] contract with the Plaintiffs, causing damages as described in Paragraph 8 above.

    **WHEREFORE**, the Plaintiffs demand[] judgment for compensatory damages under Alabama Law for the wrongful acts of AIG CASUALTY COMPANY, in an amount in excess of the minimum jurisdictional limits of this Court.

## COUNT 2

>        12.    Plaintiffs reaver all previous paragraphs in the Complaint.
>
>        13.    AIG CASUALTY COMPANY breached a contract with the Plaintiffs by failing to provide the insurance proceeds pursuant to [its] contract and such wrongful act was done in bad faith.
>
>        14.    Due to the Defendant's wrongful acts, Plaintiffs suffered damages as described in Paragraph 8 above.
>
>        **WHEREFORE**, the Plaintiffs demand judgment of compensatory and punitive damages against the Defendant[] for [its] wrongful acts in an amount in excess of the minimum jurisdictional limits of this Court.

(*Id.* at 2-3)

    2.    In the removal petition, filed July 11, 2008, the defendant contends that removal is proper based on diversity of citizenship. (Doc.1, at 2)

>        6.    The amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs. The amount in controversy is plain on the face of the plaintiffs' complaint as the plaintiffs are seeking punitive damages and exemplary damages. Specifically, the plaintiffs set out claims against this defendant in Count 2 demanding punitive damages for bad faith.
>
>        7.    Given the prior exemplary damages awards rendered in Alabama in similar cases, a potential damages award in this action would almost certainly exceed $75,000. *See, e.g., State of Alabama v. Exxon Corp.,* CV-99-2368 (Montgomery County Cir. Court 2003) (jury verdict of 11 billion in punitive damages on fraud claim); *Orkin Exterminating Co., Inc. v. Jeter*, 832 So.2d 25 [] (Ala. Nov. 9, 2001) (jury verdict for $80,800,000 on fraud claims); *Myrick v. Barron*, 820 So.2d 81


> [] (Ala. July 6, 2001) (jury verdict of $15,200,000 on invasion of privacy claim against insurance company); *Ex parte Liberty Natal* (sic) *Life Ins. Co.,* 797 So.2d 457 (Ala. 2001) (jury verdict of $201,350 on fraud claim against insurance company) . . . .
>
>        8.     Actual verdicts in similar actions are powerful and persuasive empirical evidence of the substantial amount of punitive damages potentially recoverable in this action. *See Bolling v. Union National Life Ins. Co.,* 900 F.Supp. 400, 404-05 (M.D. Ala. 1995) (instructing courts to look to verdicts in similar cases "for guidance," and finding "it is clear that in Alabama, when a plaintiff seeks recovery for fraud against an insurance company and asks for punitive damages, the recovery, if the plaintiff prevails, may very well exceed [the jurisdictional minimum]."). Accordingly, in light of the serious allegations made by the plaintiffs in this case, it is clear that the amount in controversy requirement has been satisfied.

(*Id.* at 3 & 4)

       3.     Plaintiffs filed a motion to remand on July 28, 2008 and therein contend that it was their "intent to file this matter requesting an amount **not** exceeding $75,000.00 through the Alabama Judicial System." (Doc. 6, at 1 (emphasis in original))

> [I]n that the amount prayed for in the body of the Complaint did not specify an amount, only "in excess of the minimum jurisdictional limits" of the Court, it was erroneously filed without a stated amount.
>
>      **The Plaintiffs in this matter do not seek in excess of $75,000.00, will not seek an amount in excess of $75,000.00, and will not attempt to collect an amount in excess of $75,000.00. Additionally, as this matter involves a fire loss to a vehicle, one 1995 Toyota Camry LE Sedan 4D, and the**

> **book value is no more than $5,685.00, the amount of damages (even with punitive damages and compensatory damages, if collectable) would not exceed $75,000.00 and could not be expected, under any circumstances, to involve more than $75,000.00.**

(*Id.* at 1-2 (emphasis supplied))

4.  In response, the defendant reiterates the arguments made in the removal petition (*compare* Doc. 8, at 2-3 *with* Doc. 1, at 3-4) and contends that since removability is ascertained as of the date the notice of removal is filed the Court should reject the affidavit of plaintiff's attorney and exercise jurisdiction in this matter (*see* Doc. 8, at 3-4).

## **CONCLUSIONS OF LAW**

1.  "Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000). Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal

courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999).

    2.    "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002); *see also Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted) ("[T]he removing party bears the burden of demonstrating federal jurisdiction."); *Tapscott, supra* ("A removing defendant has the burden of proving the existence of federal jurisdiction."). Therefore, in this case, the burden is on AIG Casualty Company to establish complete diversity, that is, the plaintiffs are all diverse from the defendant, *Triggs, supra*, 154 F.3d at 1287 (citation omitted), and, in addition, to establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement, *Tapscott, supra*, 77 F.3d at 1357 ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than

not exceeds the $50,000 jurisdictional requirement."). More specifically, "the removing defendant[s] must establish the amount in controversy by '[t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.'" *Lowery, infra*, 483 F.3d at 1209, quoting *Black's Law Dictionary* 1220 (8th ed. 2004).

      3.     The removing defendant has failed to establish by a preponderance of the evidence that the amount in controversy in this case more likely than not exceeds the $75,000 jurisdictional requirement. This Court's analysis of this issue is necessarily informed by the Eleventh Circuit's recent decision in *Lowery v. Alabama Power Co.,* 483 F.3d 1184 (2007), *cert. denied sub nom. Hanna Steel Corp. v. Lowery*, ___ U.S. ___, 128 S.Ct. 2877, ___ L.Ed.2d ___ (2008).

> [W]e conclude that the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate.

. . .

> [U]nder § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff-be it the initial complaint or a later received paper-and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. This inquiry is at the heart of a case, such as the one before us, in which the plaintiffs challenge removal by filing a timely motion to remand under § 1447(c). In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed-i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.
>
> . . .
>
> Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists. Indeed, the defendant, by removing the action, has represented to the court that the case belongs before it. Having made this representation, the defendant is no less subject to Rule 11 than a plaintiff who files a claim originally. Thus, a defendant that files a notice of removal prior to receiving clear evidence that the action satisfies the jurisdictional requirements, and then later faces a motion to remand, is in the same position as a plaintiff in an original action facing a motion to dismiss.

*Id.* at 1211, 1213-1215 & 1217 (internal citations and footnotes omitted).

    4.      In accordance with *Lowery*, therefore, this Court looks solely to

plaintiff's complaint and the notice of removal to assess the propriety of removal. The undersigned quickly discerns that the jurisdictional amount of $75,000 is nowhere clearly stated on the face of the complaint. Moreover, that amount is not clearly deducible from the complaint or the removal petition. The removing defendant appears to make a two-pronged argument with respect to why this Court should find that the jurisdictional amount is readily deducible from the complaint. In the removal petition and in response to the plaintiffs' motion to remand, the defendant cites to several cases decided by various federal courts instructing courts to look to verdicts in similar cases for guidance in determining the amount in controversy (Doc. 1, at ¶ 8; *see also* Doc. 8, at 3) and to Alabama cases which have awarded damages in excess of $75,000 against insurance companies where bad faith has been proven (Doc. 1, at ¶ 7; *see also* Doc. 8, at 2-3). As *Lowery* makes clear, however, such "'evidence' . . . fails to support the defendant['s] contention that [this] [] court [has] jurisdiction over this action." 483 F.3d at 1220.

> First, we note that this evidence regarding the value of other tort claims was not received from the plaintiffs, but rather was gathered from outside sources. As such, the evidence is not of the sort contemplated by § 1446(b). Even if the defendants had received the evidence of other suits from the plaintiffs, we question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit. Looking only to this evidence and the complaint, the facts

> regarding other cases tell us nothing about the value of the claims in this lawsuit. Even were we to look to evidence beyond that contained within the notice of removal, in the present dispute-with a record bereft of detail-we cannot possibly ascertain how similar the current action is to those the defendants cite.[2]

*Id.* at 1220-1221 (footnote added). Thus, the Alabama cases cited by AIG Casualty Company are due to be rejected, *cf. Siniard v. Ford Motor Co.,* 554 F.Supp.2d 1276, 2008 WL 2132078, *1 & *3 (M.D. Ala. 2008) ("This is a product liability case arising out of a motor vehicle accident in Alabama on April 5, 2006, which claimed the life of a Tennessee resident citizen named Deborah S. Siniard. . . . Ford acknowledged that the Complaint does not contain a specific damage request, but noted that Plaintiff sought compensatory and punitive damages for the wrongful death of Deborah Siniard. As evidence that the claim in this case necessarily exceeded $75,000, Ford asserted that other Alabama courts have routinely entered wrongful death verdicts in excess of $75,000 in product liability claims. In support of this proposition, Ford listed numerous cases from various courts which resulted in plaintiffs' verdicts in wrongful death cases each of which exceeded $75,000.

---

[2] In fact, looking to what might be considered such "outside" evidence, the undersigned is struck by the representations of plaintiffs' counsel that plaintiffs do not seek nor will they attempt to collect an amount in excess of $75,000 and that punitive and compensatory damages on claims relating to the loss of a car with a value of $5,685.00 cannot be expected to exceed $75,000.

. . . While this Court agrees that the precepts set forth in *Lowery* require the remand of this case which was removed on nothing more than speculation about the amount in controversy, the Court cannot agree that it has the option of ignoring *Lowery* until after the mandate issues or the Supreme Court addresses that case."), as are the federal cases, since two of these cases were decided well before *Lowery*, *see Carswell v. Sears, Roebuck & Co.*, 2007 WL 1697003, *1 (M.D. Ala. 2007) ("Prior to *Lowery*, Alabama personal injury cases and wrongful death cases with diversity of citizenship but no *ad damnum* were routinely removed to federal court and often kept there by the defendant asserting the existence of more than $75,000 in controversy and citing jury awards in excess of that amount in similar Alabama cases. In contrast to the former practice, *Lowery* now requires that the documents before the court on removal 'unambiguously establish federal jurisdiction.' District courts in this circuit are no longer able to 'speculate in an attempt to make up for the notice's failings,' nor are courts able to consider 'evidence regarding the value of other tort claims.'"), and the *Kennedy* case failed to cite to the controlling language from *Lowery*[3] and is otherwise factually distinguishable from this

---

[3] The judge in the *Kennedy* case was Chief Judge Mark Fuller, the same judge who later rejected in *Siniard, supra*, the same type of "evidence" the removing defendant in this case wants this Court to accept as establishing that it has carried its burden of proving that the amount in controversy in this case more likely than not exceeds $75,000, exclusive of interest and costs.

11

case, *compare Kennedy v. Fleetwood Enterprises, Inc.,* 2007 WL 4287374, *2-3 (M.D. Ala. 2007) (mobile home had estimated value of $50,000) *with* Doc. 6, at 2 (car at issue in this case has a book value of $5,685.00). The undersigned's rejection of the "evidence" supplied by the removing defendant necessitates a finding by this Court that the removing defendant has failed to establish by a preponderance of the evidence that the amount in controversy in this case more likely than not exceeds $75,000, exclusive of interest and costs.

## **CONCLUSION**

AIG Casualty Company has not established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Accordingly, the undersigned **RECOMMENDS** that the motion to remand this case to the Circuit Court of Clarke County, Alabama (Doc. 6) be **GRANTED**.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 12th day of August, 2008.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                             s/WILLIAM E. CASSADY
                                                            UNITED   STATES   MAGISTRATE   JUDGE

14